IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| VALERIE R. CHAPMAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:18-cv-2955-G-BN |
| | § | |
| RYAN COLOMBO, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Valerie R. Chapman brings this *pro se* action claiming that an attorney for her former employer violated her rights under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"). Her action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from Senior United States District Judge A. Joe Fish. And, the Court having granted her leave to proceed *in forma pauperis* ("IFP"), the undersigned enters these findings of fact, conclusions of law, and recommendation that the Court should summarily dismiss this action under 28 U.S.C. § 1915(e)(2)(B)(ii).

**Applicable Background, Legal Standards, and Analysis**

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual allegations*' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th

Cir. 2015) (per curiam) (quoting *Johnson*, 135 S. Ct. at 347; emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend [her] complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded her 'best case.'" *Wiggins v. La. State Univ.*

– *Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

Ms. Chapman has sued Defendant Ryan Colombo solely on the basis that Mr. Colombo "violated my HIPAA rights, showing my medical information with another manager on the work floor in front of my face." Dkt. No. 3 at 1. Accepting this allegation as true, Ms. Chapman has more than failed to state a claim against Mr. Colombo – what she has alleged "is more than a defect in pleading; it is uncurable," *Sims v. Tinney*, 482 F. Supp. 794, 799 (D.S.C. 1977), because it is well-established that "there is no private cause of action under HIPAA and therefore no federal subject matter jurisdiction over" a claim based on HIPAA, *Acara v. Banks*, 470 F.3d 569, 572 (5th Cir. 2006) (per curiam); *see Adams v. Eureka Fire Prot. Dist.*, 352 F. App'x 137, 139 (8th Cir. 2009) (per curiam) ("Since HIPAA does not create a private right, it cannot be privately enforced either via § 1983 or through an implied right of action. We hold that the district court properly dismissed Plaintiffs' federal claims for failure to state a claim."); *see, e.g., Saldana-Fountain v. United States*, EP-15-CV-39-KC, 2016 WL 626573, at *13 (W.D. Tex. Feb. 16, 2016); *Dean v. City of New Orleans*, Civ. A. No. 11-2209, 2012 WL 2564954, at *14-*15 (E.D. La. July 2, 2012) (collecting cases).

The Court should therefore dismiss Ms. Chapman's complaint with prejudice.

## Recommendation

The Court should dismiss this action with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 7, 2018

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE